FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 16 2013

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ENDOTACH LLC, | § | Civil Action No. (4:13mc37 |
| | § | |
| Plaintiff, | § | Underlying Action Judge Clark |
| | § | No. 1:13-cv-01135-LJM-DKL |
| vs. | § | United States District Court |
| | § | Southern District of Indiana |
| COOK MEDICAL INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF ENDOTACH LLC AND THIRD PARTY ACACIA RESEARCH GROUP LLC'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT COOK MEDICAL'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL CASE AND REQUEST FOR 30(B)(6) TESTIMONY OF ACACIA RESEARCH GROUP LLC**

Plaintiff Endotach LLC ("Endotach") and third-party Acacia Research Group LLC ("Acacia") hereby file this Motion for Protection and Brief in Support Thereof ("Motion") to protect Acacia from certain deposition topics identified by Defendant Cook Medical Incorporated's ("Cook") 30(b)(6) notice to Acacia and Endotach.[1] Cook served the notice on Endotach seven days before its deposition was scheduled to proceed, and served the notice on Acacia only <u>five</u> days before its deposition was scheduled to proceed. Some of these last-minute topics are irrelevant to the underlying litigation and cannot lead to the discovery of relevant evidence.

Acacia is a third-party to this action and has no stake in this case. Acacia is merely the parent company of Endotach and all information relevant to this subsidiary can be discovered by the deposition of Endotach's corporate representative. Cook has consistently attempted throughout this litigation to paint Acacia in a negative light as part of a smear campaign against

---

[1] Endotach and Acacia seek a protective order for portions or all of Cook's 30(b)(6) topic numbers 1, 2, 4, 6, 24 and 25. Good cause for seeking a protective order on these topics shall be discussed below.

Endotach's parent company. Now, Cook hopes to continue this crusade by requesting topics that have no relevance to Endotach's business dealings or the claims and defenses of this case. Good cause exists to enter a protective order so that Acacia and Endotach should not be required to produce a witness on these topics that Cook has noticed purely for the purposes of annoyance and undue burden.

I.  **BACKGROUND FACTS**

The underlying lawsuit here involves a claim of patent infringement of two U.S. patents involving stent graft technology used in contemporary medical devices. *See* Exh. A (*Endotach LLC v. Cook Medical Incorporated*, No. 1:13-cv-01135-LJM-DKL, Southern District of Indiana, Dkt. No. 1 ("*Endotach II*")). Endotach obtained an exclusive license to these patents from the inventor's widow and her daughters via a trust that owned the patents upon the inventor's death. *Id.* This case has been proceeding against Cook since June of 2012. *See Id.* Fact discovery in this action closed on December 13, 2013. *See* Exh. B (*Endotach II*, Dkt. No. 50).

On December 10, 2013, Cook served a 30(b)(6) deposition notice on Endotach, and on December 12, 2013, Cook served a 30(b)(6) deposition notice on Endotach's parent company, Acacia. *See* Exhs. C (Cook 30(b)(6) Deposition Notice of Endotach LLC) and D (Cook 30(b)(6) Deposition Notice of Acacia Research Group LLC). Cook noticed these depositions to take place less than a week later, on December 17, 2013. *See* Exh. C and D. Both Acacia and Endotach served objections and answers to the deposition notices on Friday, December 13, 2013. *See* Exh. E (Endotach LLC's Objections and Responses to Cook 30(b)(6) Deposition Notice) and F (Acacia Research Group LLC Objections and Responses to Cook 30(b)(6) Deposition Notice).

## II. RELEVANT LAW

A party seeking a Rule 26(c) protective order prohibiting deposition testimony and document production must establish good cause and a specific need for protection. *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting FED. R. CIV. P. 26(c)). The burden is upon the movant to prove the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted). If both of these requirements are proven, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed R. Civ. P. 26(c).

## III. ARGUMENT

Here, Cook seeks several categories of information from Acacia that have nothing to do with the claims or defenses of this lawsuit. Good cause here exists to protect Acacia from producing a witness on the following topics and subtopics identified in Cook's 30(b)(6) notice:

**Topic No. 1:** Cook seeks information related to the "corporate structure of Acacia Research Group and its related companies such as Endotach, including without limitation, the relationship between Acacia Research Corporation, Acacia Research Group LLC, Acacia Patent Acquisition LLC, and/or Endotach." *See* Exh. D at 3. Endotach objected to this topic stating it would put up a witness to discuss Acacia's relationship with Endotach but not to other subsidiaries unrelated to this action. *See* Exh. E and F at 3. The relationship between Acacia and other entities not involved in this lawsuit simply has no bearing on this litigation and is sought by

Cook solely for the purpose of harassment of a third-party to this lawsuit. Acacia is not a party to this lawsuit and a representative of Endotach would have any information relevant to this topic without needing input from Acacia. Acacia has no role in this lawsuit and its corporate structure or details of its entities outside of Endotach has no relevance to this action. Acacia therefore requests protection on this topic. *Westside-Marrero Jeep Eagle v. Chrysler Corp.*, 1999 U.S. Dist. LEXIS 8657, 5 (E.D. La. June 3, 1999) (Granting a motion for protection limiting the 30(b)(6) deposition topics that the court deemed irrelevant.).

**Topic No. 2:** Similar to Topic No. 1, Cook seeks "revenues generated by Acacia Research Group and its related companies such as Endotach, including without limitation, revenues for 2013 to date, trailing 12-month revenues, 2012 revenues, and an identification of the value in cash on hand." *See* Exh. D at 3. Acacia's revenue, outside of Endotach, is irrelevant to this case. Endotach's claims of patent infringement against Cook are solely limited to the damages caused by Cook's infringement and have nothing to do with Acacia or any of its other companies. Cook's fishing expedition for Endotach's parent company's revenues is irrelevant and should be denied. *Westside-Marrero Jeep Eagle*, 1999 U.S. Dist. LEXIS 8657 at 5.

**Topic No. 4:** Similar to topics 1 and 2, Cook seeks information related to the "geographic headquarters and other office locations of Acacia Research Group LLC and its related companies such as Endotach, including without limitation, for each headquarters or office location that Endotach shares with Acacia Research Group LLC or one of its related companies, an identification of the overall square footage of the office and amount of such square footage that is allocated to Endotach." *See* Exh. D at 3. Endotach and Acacia indicated it would produce a witness to testify on behalf of information related to Endotach's headquarters, but for the reasons

identified in topics 1 and 2, information related to Acacia's headquarters or square footage is irrelevant.

**Topic No. 6:** Topic No. 6 seeks "An overview of Acacia Research Group LLC's business and the business of its related entities such as Endotach, including without limitation, an identification and explanation of any products or services developed made, and/or sold, and an identification and explanation of any previous litigation concerning an assertion or intellectual property rights by Acacia Research Group LLC and/or one of its related entities." *See* Exh. D at 4. Acacia's business, outside any relation to the specific subsidiary of Endotach, is wholly outside the scope of this litigation. No Acacia subsidiaries are a party or in any way involved in this lawsuit and likewise Acacia itself is not a party to this lawsuit, nor has it ever been. *See* Dkt. No. 1. Cook is attempting to fish around in Acacia's business and is seeking this information on this topic as a point of harassment and undue expense. Cook has demonstrated this goal several times already as it has constantly tried to paint Acacia and Endotach in a negative light despite Acacia's lack of involvement in this action. *See e.g.* Exh. G (*Endotach II*, Dkt. No. 67 at 16-17). This information is irrelevant to this action and should be protected. *McDonald v. Target Corp.*, 2012 U.S. Dist. LEXIS 158898, 11 (E.D. La. Nov. 5, 2012).

**Topic Nos. 24 and 25:** Topic numbers 24 and 25 relate to Acacia's acquisition of medical device patents that have nothing relation to this litigation and Acacia's global strategies regarding licensing technology in the medical industry. Specifically:

> Topic No. 24: The acquisition of "7 patent portfolios with over 1900 patents and applications relating to stent grafts, vascular grafts, bypass grafts, graft retrieval technology, graft manufacturing technology, vena cava filter technology, and filter retrieval technology from a leading global medical device company," including without limitation, an identification and explanation of the 'partnership' created as a result of this acquisition, as referenced in the press release attached as Exhibit 2.

5

    Topic No. 25: Attempts by Acacia Research Group LLC or its related entities such as Endotach to license technology in the medical industry, including without limitation, an explanation of how and why "the company was 'too optimistic' on how much medical tech companies would pay in licensing fees without the threat of patent litigation," as referenced in the journal article attached as Exhibit 3.

These two topics, and the relevant exhibits referenced in these topics, all refer to Acacia and not Endotach. *See* Exh. D between pgs. 8 and 9. The patent portfolio referenced in topic number 24 has nothing to do with this litigation and Endotach does not have ownership of the patents referenced in the article. Likewise, topic number 25 involves a business journal article in which the president of Acacia discussed Acacia's business in general and made no mention of Endotach or this litigation. *Id.* Information related to Acacia's business model and patent portfolios owned by Acacia or other Acacia subsidiaries cannot be linked to the claims or defenses in this litigation. Therefore, Endotach and Acacia should not be required to produce a witness on these two topics.

## IV. CONCLUSION

Cook uses overbroad deposition topics to annoy and unduly burden Endotach's parent company, Acacia Research Group LLC. Cook has made its intentions clear throughout the pendency of the underlying action as Cook seeks to disparage Acacia at any turn it can. Cook's attempt to discover highly confidential and irrelevant material to this action is precisely the type of information the federal rules are in place to protect. Endotach moved as expeditiously as possible after receiving Cook's topics and noticed deposition to file this motion for protection. Endotach and Acacia's motion for protection should be granted.

**Dated: December 16, 2013.**                   Respectfully submitted,

                                                            Glenn S. Orman
                                                            TX State Bar No. 24074838

Jonathan T. Suder
TX State Bar No. 19463350
Michael T. Cooke
TX State Bar No. 04759650
Brett M. Pinkus
TX State Bar No. 24076625
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Phone: (817) 334-0400
Fax: (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
pinkus@fsclaw.com
orman@fsclaw.com

Steven G. Cracraft
Indiana Attorney No. 3417-49
BRANNON SOWERS & CRACRAFT PC
1 North Pennsylvania St., Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630-2810
Fax: (317) 630-2813
sgc@bscattorneys.com

**ATTORNEYS FOR PLAINTIFF ENDOTACH LLC**

/s/ Ryan W. Smith
Marc J. Schneider
CA State Bar No. 214609
Ryan W. Smith
CA State Bar No. 272361

STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100
mschneider@sycr.com
rsmith@sycr.com

**ATTORNEYS FOR THIRD-PARTY ACACIA RESEARCH GROUP, LLC**

7

## CERTIFICATE OF CONFERENCE

This is to confirm that on the 16th day of December, 2013, I attempted to contact opposing counsel via telephone, but was unable to reach either Mr. Nichols or Mr. Zanfardino. Due to the time constraints of this motion, and the parties' previous correspondence, Endotach presumes the motion will be opposed.

_____
Glenn S. Orman


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2013, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Indiana, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

_____
Glenn S. Orman