IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ENDOTACH LLC, § | Civil Action No. 4:13-mc-0037-RC-ALM |
| § | |
| Plaintiff, § | *Underlying Action* |
| § | No. 1:13-cv-01135-LJM-DKL |
| vs. § | United States District Court |
| § | Southern District of Indiana |
| COOK MEDICAL INCORPORATED, § | |
| § | |
| Defendant. § | |

**ENDOTACH LLC'S REPLY TO COOK MEDICAL'S OPPOSITION TO
ENDOTACH LLC AND THIRD-PARTY ACACIA RESEARCH GROUP LLC'S
MOTION FOR PROTECTIVE ORDER**

Defendant Cook Medical Incorporated's ("Cook") response to Endotach and third-party Acacia Research Group's ("Acacia") Motion for Protection highlights the very reasons Endotach and Acacia's motion should be granted. Cook's only hope to complete its fishing expedition is to convince the Court that Acacia is "the real party at interest" in this case. However, the only plaintiff in the underlying litigation is Endotach LLC, which ultimately received an exclusive license to the patents from Mrs. Brenda Rhodes, the widow of the inventor of the patents-in-suit. Acacia is **not** a party in this litigation, nor has it ever been. Endotach and Acacia's motion should be granted.

First, this Court has jurisdiction to decide this matter. Both Endotach and Acacia reside in Plano, Texas, which is located in the Eastern District of Texas. Cook Response, Exh. 2. Cook noticed a 30(b)(6) deposition for both Acacia and Endotach in the underlying action. Cook Response, Exhs. 22 and 23. Both Endotach and Acacia agreed to produce a witness for both in Fort Worth, where counsel for both parties is located. Cook Response, Exh. 18. This location is

within 100 miles of the federal courthouse in Plano. If Cook had filed a motion to compel the testimony of both parties, proper enforcement would have been the Plano federal courthouse in the Eastern District of Texas. Fed. R. Civ. P. 45(d)(3). Therefore, this is also the proper court for filing a motion for protective order.

Secondly, Cook's entire argument hinges on the false assertion that Acacia is the "real party in interest"[1] in this case. A plain reading of any of the complaints or filings in this case clearly shows otherwise. Endotach LLC is a limited liability company headquartered in Plano, Texas. Cook Response, Exhs. 2 and 7. Endotach ultimately licensed the patents-in-suit in this action from Mrs. Brenda Rhodes and her daughters, who combined are the co-trustees of a trust that owns the patents-in-suit. Cook Response, Exh. 8 and 9. These are the only entities that are involved in this lawsuit and that would share in any recovery. Cook Response, Exhs. 8, 9 and 12. To the extent Acacia had any rights in the patents-in-suit, it wholly transferred them to Endotach long before this lawsuit was filed. Cook Response, Exh. 9.

Further, Acacia has absolutely no legal interest in the patents-in-suit and could not bring an infringement action regarding these patents if it wanted to. Cook Response, Exhs. 8, 9 and 12; *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010) (holding a parent company has no legal title in a patent that has been assigned to a subsidiary and therefore could not bring suit). Just because Acacia is Endotach's parent company does not make it the "real party in interest" in the underlying patent infringement suit. *Norfolk S. Ry. v. Trinity Indus., Inc.*, 2008 U.S. Dist. LEXIS 110274, 13 (N.D. Tex. Sept. 2, 2008) (…"Texas Law presumes that two separate corporations are distinct legal entities); *Z-TEL Communs., Inc. v. SBC Communs., Inc.*, 331 F. Supp. 2d 513, 562 (E.D. Tex. 2004) ("A parent company and a subsidiary are separate

---

[1] Cook attempts to sell the Court on this fallacy through repetition in its response brief, stating Acacia is the "real property in interest" seven times and that Endotach is Acacia's "alter ego" three times. Cook has never pled alter ego or any type of veil piercing argument at any stage of the underlying patent litigation.

legal entities"). Cook has never alleged alter ego or veil piercing related to Acacia or Endotach in any of its answers, briefing, or in any other form before this most recent attorney argument, which is entirely unsupported. *See Endotach LLC v. Cook Medical Incorporated*, Cause No. 1:13-cv-01135-LJM-DKL, Southern District of Indiana, Indianapolis Division ("*Endotach II*"); *Lincoln Gen. Ins. Co. v. US Auto Ins. Servs.*, 2009 U.S. Dist. LEXIS 36411, 15-16 (N.D. Tex. Apr. 29, 2009); *Norfolk S. Ry. v. Trinity Indus., Inc.*, 2008 U.S. Dist. LEXIS 110274, 13 (N.D. Tex. Sept. 2, 2008) ("…a subsidiary corporation will not be regarded as the alter ego of its parent corporation 'merely because of stock ownership, a duplication of some or all of the directors or officers, or an exercise of the control that stock ownership gives to stockholders.'") (internal citations omitted).

Simply put, Acacia is a separate entity than Endotach, with no legal stake in this matter. The only relation Acacia has to this case is that it is the parent company of Endotach and that alone does not warrant Cook's attempt to seek harassing and irrelevant subpoena topics. *Walker v. Alta Colleges, Inc*., 2010 U.S. Dist. LEXIS 67153, 21 (W.D. Tex. July 6, 2010).

Finally, Cook has made this issue largely moot due to its selected deposition strategy. Leading up to the deposition in question, Endotach and Acacia agreed to produce one witness for both Acacia and Endotach. Cook Response, Exhs. 19, 22, 23. Cook took the depositions of both parties on December 17, 2013 and asked the single representative for both parties' questions related to Endotach and Acacia. Cook Response, Exh. 2 at 9:8-12:8. Cook's attorney used all but three minutes of the allotted seven hours during these depositions. Pinkus Dec., Exh. A (Wagner Depo Transcript at 294:2-6). Cook specifically chose not to reserve much allotted time for the subject matter identified in Endotach and Acacia's motion for protection and now only has a few minutes left should the Court rule a witness should be produced on any of these topics. Cook's

actions demonstrate these deposition topics that relate to third-party Acacia Research Group are merely a tactic to try and harass Endotach's parent company without just cause. Should the Court deny any of Endotach and Acacia's requests, Cook should not be allowed to request additional time, as counsel for Cook, who was well aware of Endotach and Acacia's objections before the deposition began, chose not to reserve time for these topics.

In summation, Cook asked and received answers to questions relating to its deposition topics posed to both Endotach and separately, third-party Acacia's role with Endotach. The topics identified in Endotach and Acacia's motion for protection are those that have no bearing on the underlying patent infringement lawsuit and were only proposed by Cook in an improper attempt to harass Endotach's parent company. Endotach and Acacia's motion should be granted.

**Dated: January 10, 2014.**　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/  Glenn S. Orman
　　　　　　　　　　　　　　　　　　　　　　Jonathan T. Suder
　　　　　　　　　　　　　　　　　　　　　　TX State Bar No. 19463350
　　　　　　　　　　　　　　　　　　　　　　Michael T. Cooke
　　　　　　　　　　　　　　　　　　　　　　TX State Bar No.04759650
　　　　　　　　　　　　　　　　　　　　　　Brett M. Pinkus
　　　　　　　　　　　　　　　　　　　　　　TX State Bar No. 24076625
　　　　　　　　　　　　　　　　　　　　　　Glenn S. Orman
　　　　　　　　　　　　　　　　　　　　　　TX State Bar No. 24074838
　　　　　　　　　　　　　　　　　　　　　　FRIEDMAN, SUDER & COOKE
　　　　　　　　　　　　　　　　　　　　　　604 East 4th Street, Suite 200
　　　　　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　　　　　　　Phone: (817) 334-0400
　　　　　　　　　　　　　　　　　　　　　　Fax: (817) 334-0401
　　　　　　　　　　　　　　　　　　　　　　jts@fsclaw.com
　　　　　　　　　　　　　　　　　　　　　　mtc@fsclaw.com
　　　　　　　　　　　　　　　　　　　　　　pinkus@fsclaw.com
　　　　　　　　　　　　　　　　　　　　　　orman@fsclaw.com

　　　　　　　　　　　　　　　　　　　　　　Steven G. Cracraft
　　　　　　　　　　　　　　　　　　　　　　Indiana Attorney No. 3417-49
　　　　　　　　　　　　　　　　　　　　　　BRANNON SOWERS & CRACRAFT PC
　　　　　　　　　　　　　　　　　　　　　　1 North Pennsylvania St., Suite 800
　　　　　　　　　　　　　　　　　　　　　　Indianapolis, Indiana  46204

Phone: (317) 630-2810
Fax: (317) 630-2813
sgc@bscattorneys.com

**ATTORNEYS FOR PLAINTIFF ENDOTACH LLC**

/s/ Ryan W. Smith
Marc J. Schneider
CA State Bar No. 214609
Ryan W. Smith
CA State Bar No. 272361

STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100
mschneider@sycr.com
rsmith@sycr.com

**ATTORNEYS FOR THIRD-PARTY ACACIA RESEARCH GROUP, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Indiana, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Glenn S. Orman