IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | ) | |
|---|---|---|
| ENDOTACH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:13-mc-00037-RC-ALM |
| | ) | |
| v. | ) | *Underlying Action:* |
| | ) | Civil Action No. 1:13-cv-01135-LJM-DKL |
| COOK MEDICAL INCORPORATED, | ) | U.S. District Court, Southern District of Indiana |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COOK MEDICAL'S SUR-REPLY IN RESPONSE TO ENDOTACH LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING COOK
MEDICAL'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL CASE AND
REQUEST FOR 30(B)(6) TESTIMONY OF ACACIA RESEARCH GROUP LLC**

Acacia's/Endotach's Reply raises a new argument not made in their opening brief: that their Motion is allegedly "largely moot" because "Cook's attorney used all but three minutes of the allotted seven hours during these depositions." (Reply at 3). Acacia's/Endotach's new argument, however, ignores that Cook Medical is entitled to a total of fourteen hours (7 hours for the Acacia Rule 30(b)(6) notice plus 7 hours for the Endotach Rule 30(b)(6) notice). Cook Medical agreed to conduct the depositions of Acacia and Endotach together on December 17, 2013, to "save time" since Acacia and Endotach designated the same witness to testify for both of them. (*See* Dkt. No. 5, Ex. 28 at 2; Ex. 30 at 3). But this accommodation never meant that Cook Medical forfeited half the time it was entitled to use under the Federal Rules (fourteen hours in total). (*See id.*).

Acacia/Endotach know this. Cook Medical made it clear before the depositions that "two days for the depositions (one for Acacia and one for Endotach)" (*i.e.* fourteen hours in total)

1

would be necessary if the depositions were not conducted together to save time. (*See id.*, Ex. 28 at 2). In addition, both before and at the depositions, Cook Medical reiterated to Acacia/Endotach that Cook Medical reserved all rights to continue the depositions based on the Court's ruling on Acacia's/Endotach's Motion. (Ex. 38, Nichols's 12/16/13 e-mail to Pinkus at 1; Ex. 39, Wagner Tr. at 293:19-24).

Cook Medical's Opposition explained how Acacia's/Endotach's Motion rested upon nothing more than the type of "conclusory statements" that even Acacia's/Endotach's cited cases hold are insufficient to meet Acacia's/Endotach's burden. (*See* Dkt. No. 1 at 3; Dkt. No. 5). Acacia's/Endotach's Reply fares no better and, instead, Acacia/Endotach retreat to a "mootness" argument that has no basis in fact or law. If anything, by treating Acacia and Endotach as one entity under the seven-hour rule for depositions, Acacia/Endotach simply confirm once again that Endotach is the alter-ego of Acacia. This Court should deny their Motion.

Respectfully submitted,

Dated: January 13, 2014

By: /s/ Kori Anne Bagrowski

Kori Anne Bagrowski
Virginia bar No. 68398 (admitted to practice in E.D. Tex.)
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois 60611-5599
Tel. (312) 321-4200
Fax (312) 321-4299
kbagrowski@brinksgilson.com

*Attorneys for Defendant,*
COOK MEDICAL INCORPORATED

# CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2014, a copy of the foregoing **COOK MEDICAL'S SUR-REPLY IN RESPONSE TO ENDOTACH LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING COOK MEDICAL'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL CASE AND REQUEST FOR 30(B)(6) TESTIMONY OF ACACIA RESEARCH GROUP LLC** has been filed electronically with the Clerk of the Court. Notice of this filing will be sent to the following counsel of record by electronic mail:

**Counsel for Endotach LLC**

Jonathan T. Suder – jts@fsclaw.com
Brett M. Pinkus – pinkus@fsclaw.com
Glenn S. Orman – orman@fsclaw.com

**Counsel for Acacia Research Group LLC**

Marc J. Schneider – mschneider@sycr.com
Ryan W. Smith – rsmith@sycr.com

/s/ Kori Anne Bagrowski